FILED

16 APR 25 PM 1: 35

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

CLERK
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

ESDRAS J. MONTALVO,

   Plaintiff,

-vs-            **Case No.:**

A&S TRANSPORTATION, INC.,    2:16-cv-305-FtM-29CM
a Florida Profit Corporation

   Defendant.
_____/

## COMPLAINT

Plaintiff, ESDRAS J. MONTALVO, sues Defendant, A&S TRANSPORTATION, INC.,

a Florida Profit Corporation, and alleges:

### NATURE OF CLAIMS

1.  This is an action under the Family Medical Leave Act of 1993, 29 U.S.C. §

2601, et seq., (FMLA); the Americans with Disabilities Act as amended by the ADA

Amendments Act of 2008, 42 U.S.C. § 12101 et seq. (ADA); and the Florida Civil Rights

Act, Fla. Stat. § 760.01 et seq. (FCRA). Plaintiff reserves the right to amend this Complaint

to include one or more claims under the Rehabilitation Act, 29 U.S.C. § 701 et seq., pending

discovery of facts regarding Defendant's receipt of federal financial assistance.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3.  Plaintiff ESDRAS J. MONTALVO (Montalvo or Plaintiff) is domiciled in Lee

County, Florida.

1

4.      Defendant, A&S TRANSPORTATION, INC. (A&S or Defendant) is a Florida profit corporation with its principal place of business located in Collier County, Florida.

5.      At all times material, Defendant A&S was an employer within the meaning of the ADA and employed greater than fifteen (15) employees.

6.      At all times material, Defendant A&S was a covered employer within the meaning of the FMLA and employed greater than fifty (50) employees within seventy-five (75) miles of Plaintiff's worksite.

7.      At all times material, Defendant A&S was an employer within the meaning of the FCRA and employed greater than fifteen (15) employees.

8.      This Court has supplemental jurisdiction over the FCRA state law claims per 28 U.S.C. § 1367 because the FCRA claims are so related to the Federal-law claims that they form part of the same case or controversy in this action and all claims arise from the nucleus of operative fact.

9.      At all times material, Plaintiff was an employee of Defendant.

10.     Defendant regularly transacts business in Lee County, Florida.

11.     Plaintiff was employed at Defendant's facility in Lee County, Florida.

12.     The acts and omissions giving rise to this action occurred in Lee County, Florida.

13.     Venue is proper in the Middle District of Florida, Ft. Myers Division.

## CONDITIONS PRECEDENT

14.     All conditions precedent to bringing this action have been performed or have occurred.

## FMLA COVERAGE AND ELIGIBILITY

2

15.   At all times material, Plaintiff worked at a work site at which fifty or more employees were employed at that site or within seventy-five miles of that work site. At all times material, Defendant was an employer under the FMLA as defined pursuant to 29 U.S.C. § 2611(4)(A).

16.   At all times material, Plaintiff was employed by Defendant and was eligible for FMLA leave. Plaintiff was employed by Defendant and worked for at least 1,250 hours during the twelve-month period immediately preceding his FMLA leave requests.

## STATEMENT OF FACTS

17.   Defendant is a privately owned school bus company that contracts with Florida public and private schools with regard to transportation management.

18.   On information and belief, Defendant receives federal financial assistance regarding its school bus operations.

19.   Defendant owns and operates a number of school bus facilities located throughout Florida, including a facility in Lee County, Florida.

20.   Plaintiff was employed by Defendant in a full-time capacity from approximately July 9, 2012 to August 15, 2013 as an Auto Detailer with Defendant's Maintenance Department.

21.   In early September 2012, Plaintiff began experiencing severe pain in his foot.

22.   In early September 2012, Plaintiff's supervisor, Howard Lyon, noticed that Plaintiff was limping and told Plaintiff to see a doctor.

23.   After seeing a doctor per his supervisor's request in Paragraph 22 above, Plaintiff was diagnosed with chronic gout, prescribed medicine, and scheduled follow-up

appointments.  Plaintiff was informed during this visit that the gout would be a permanent, chronic condition.

24.    Defendant perceived or regarded Plaintiff has having a disability impairment.

25.    Plaintiff's medical condition described in Paragraph 23 above was at all times material a chronic serious health condition requiring periodic doctor's visits for treatment that continued over an extended period of time and caused episodic incapacity.

26.    Plaintiff's medical condition described in Paragraph 23 above was at all times material a disability condition that substantially limited him in carrying out a number of major life activities, including but not limited to standing and walking.

27.    At all times material, Plaintiff was able to perform the essential functions of his job.

28.    From September 2012 through August 2013, Plaintiff requested and was granted intermittent leave within the meaning of the FMLA for the purpose of treatment and management of chronic gout.

29.    Plaintiff was granted reasonable accommodations within the meaning of the ADA and FCRA in the form of intermittent leave and time off as needed to treat and manage chronic gout.

30.    Defendant never required Plaintiff to fill out an FMLA certification form or otherwise required Plaintiff to provide any formal documentation as a precondition for being granted intermittent leave.

31.    On or around August 15, 2013, Defendant terminated Plaintiff's employment.

32.    Defendant's reasoning for Plaintiff's termination, as communicated to

Plaintiff, was that the Auto Detailer position was being eliminated.

33.    Defendant never eliminated the Auto Detailer position at its Lehigh Acres location.

34.    Defendant's reason for terminating Plaintiff's employment is pretext for disability discrimination and FMLA retaliation.

<strong><u>COUNT I – Family Medical Leave Act</u></strong><br><strong>(Interference with Plaintiff's Exercise of FMLA Rights)</strong>

35.    Plaintiff realleges and incorporates Paragraphs 1 through 34.

36.    Plaintiff's medical condition qualified for FMLA-related leave as a "serious health condition" under 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.113(a). Plaintiff's medical condition further meets the definition of a "chronic serious health condition" per 29 C.F.R. § 825.115(c) because it required periodic visit to a health care provider, continued over an extended period of time, and caused episodic incapacity.

37.    Defendant denied and interfered with Plaintiff's FMLA rights under 29 U.S.C. § 2615(a)(1) by terminating Plaintiff on the basis of his chronic serious health condition instead of granting the continued intermittent leave to which Plaintiff was entitled.

38.    Plaintiff has suffered damages as result of the interference.

39.    Defendant's interference was willful; Defendant's conduct regarding Plaintiff's FMLA rights were objectively unreasonable per 29 U.S.C. § 2617(a)(1)(A)(iii), which authorizes liquidated damages under such circumstances.

WHEREFORE, Plaintiff prays that Judgment be entered for:

(a) Wages, employment benefits, and other compensation lost and actual monetary losses

sustained by him as a result of such unlawful interference including back pay and front pay;

(b) (b) Pre-judgment interest at the prevailing rate from the date of termination until the Judgment on the award of wages, employment benefits and compensation, and actual monetary losses;

(c) Liquidated damages doubling the award of interest, wages, employment benefits, and other compensation lost to Plaintiff;

(d) Reasonable attorney's fees and costs and expenses of this action pursuant to 29 U.S.C § 2617(a)(3); and,

(e) Such other relief as this Court deems just appropriate under the circumstances.

## COUNT II – Family Medical Leave Act
### (FMLA Retaliation)

40.    Plaintiff realleges and incorporates allegations 1 through 34.

41.    Plaintiff availed himself of a protected right under the FMLA each time he requested leave for a chronic serious health condition;

42.    Plaintiff engaged in statutorily protected activity when he attempted to take FMLA leave.

43.    Plaintiff suffered an adverse employment action when Defendant terminated Plaintiff on or around August 15, 2013.

44.    Plaintiff's termination was causally connected to his availment of a right under the FMLA.

45.    Plaintiff has suffered damages as a result of the retaliation.

6

46.    Defendant's retaliation was willful; furthermore, Defendant's decision to terminate Plaintiff due to his availment of a right under the FMLA was objectively unreasonable per 29 U.S.C. § 2617(a)(1)(A)(iii), which authorizes liquidated damages under such circumstances.

WHEREFORE, Plaintiff prays that Judgment be entered for:

(a) Wages, employment benefits, and other compensation lost and actual monetary losses sustained by him as a result of such unlawful interference including back pay and front pay;

(b) Pre-judgment interest at the prevailing rate from the date of termination until the Judgment on the award of wages, employment benefits and compensation, and actual monetary losses;

(c) Liquidated damages doubling the award of interest, wages, employment benefits, and other compensation lost to Plaintiff;

(d) Reasonable attorney's fees and costs and expenses of this action pursuant to 29 U.S.C § 2617(a)(3); and,

(e) Such other relief as this Court deems just appropriate under the circumstances.

### COUNT III – Americans with Disabilities Act
### (Disability Discrimination and Retaliation)

47.    Plaintiff realleges and incorporates allegations 1 through 34.

48.    Plaintiff engaged in protected activity by requesting reasonable accommodation(s) including his requests for leave to treat and manage chronic gout.

49.    By reasons of each and every act as alleged, Defendant unlawfully discriminated

7

against Plaintiff by terminating his employment because of his disability, perceived disability, and/or record of a disability, including but not limited to his need for reasonable accommodation(s), his requests for leave due to his disability, his taking a leave due to his disability, his appearance, and/or his expected future need for leaves of absence, all in violation of the ADA.

50.     Defendant's actions displayed intentional misconduct and/or gross negligence in that either Defendant had actual knowledge of the wrongfulness of its conduct and that the high probability of damage to Plaintiff would result and, despite that knowledge, intentionally pursued a course of conduct resulting in Plaintiff's injuries and damages, or Defendant's conduct was so reckless and wanton in care that it constitutes a conscious disregard or indifference to the rights of Plaintiff.

51.     As a direct and proximate result of Defendant's discriminatory and retaliatory actions, Defendant suffered the loss of employment, loss of income, loss of fringe benefits, and suffered and continues to suffer emotional distress, humiliation, and embarrassment.

52.     WHEREFORE, Plaintiff prays that Judgment be entered for:

(a) Damages in the form of any pay, wages, salary, employment benefits or other compensation denied or lost by the foregoing acts;

(b) Pre-judgment interest at the prevailing rate from the date of termination until the Judgment on the award of any pay, wages, salary, employment benefits or other compensation;

(c) Post-judgment interest;

(d) Compensatory damages to the maximum extent allowed under the law for emotional

pain, suffering, and mental anguish;

(e) Punitive damages to the maximum extent allowable under the law;

(f) Declaring the acts and practices complained of herein are in violation Plaintiff's rights as secured by the ADA as amended;

(g) Front pay or reinstatement in lieu of front pay;

(h) Reasonable attorney's fees and costs and expenses of this action; and,

(i) Such other relief as this Court deems just appropriate under the circumstances.

## COUNT IV – Americans with Disabilities Act
### (Failure to Provide Reasonable Accommodation)

53.    Plaintiff realleges and incorporates allegations 1 through 34.

54.    Plaintiff engaged in protected activity by requesting reasonable accommodation(s) including his requests for leave to treat and manage chronic gout.

55.    Plaintiff further engaged in protected activity by taking leave as a reasonable accommodation for his disability.

56.    Depsite Plaintiff's request for a reasonable accommodation, Defendant failed and/or refused to provide such requested accommodation and, further, failed and/or refused to participated in the interactive process mandated by the ADA of determining a reasonable accommodation for Plaintiff and instead terminated his employment.

57.    The Defendant, through its duly authorized agents and employee acting on behalf of Defendant within the scope of their employment, intentionally discriminated against Plaintiff based on his disability in failing to provide Plaintiff with reasonable accommodation on the basis that it failed to provide Plaintiff with intermittent leave and instead terminated his employment.

9

58.    Defendant's actions displayed intentional misconduct and/or gross negligence in that either Defendant had actual knowledge of the wrongfulness of its conduct and that the high probability of damage to Plaintiff would result and, despite that knowledge, intentionally pursued a course of conduct resulting in Plaintiff's injuries and damages, or Defendant's conduct was so reckless and wanton in care that it constitutes a conscious disregard or indifference to the rights of Plaintiff.

59.    As a direct and proximate result of the intentional discriminatory acts and practices of Defendant, Plaintiff suffered the loss of employment, loss of income, loss of fringe benefits, and suffered and continues to suffer emotional distress, humiliation, and embarrassment.

60.    WHEREFORE, Plaintiff prays that Judgment be entered for:

(a) Damages in the form of any pay, wages, salary, employment benefits or other compensation denied or lost by the foregoing acts;

(j) Pre-judgment interest at the prevailing rate from the date of termination until the Judgment on the award of any pay, wages, salary, employment benefits or other compensation;

(k) Post-judgment interest;

(l) Compensatory damages to the maximum extent allowed under the law for emotional pain, suffering, and mental anguish;

(m) Punitive damages to the maximum extent allowable under the law;

(n) Declaring the acts and practices complained of herein are in violation Plaintiff's rights as secured by the ADA as amended;

(o) Front pay or reinstatement in lieu of front pay;

(p) Reasonable attorney's fees and costs and expenses of this action; and,

(q) Such other relief as this Court deems just appropriate under the circumstances.

### COUNT V – Florida Civil Rights Act
### (Disability Discrimination and Retaliation)

61.     Plaintiff realleges and incorporates allegations 1 through 34.

62.     Plaintiff engaged in protected activity by requesting reasonable accommodation(s) including his requests for leave to treat and manage chronic gout.

63.     By reasons of each and every act as alleged, Defendant unlawfully discriminated against Plaintiff by terminating his employment because of his disability, perceived disability, and/or record of a disability, including but not limited to his need for reasonable accommodation(s), his requests for leave due to his disability, his taking a leave due to his disability, his appearance, and/or his expected future need for leaves of absence, all in violation of the FCRA.

64.     Defendant's actions displayed intentional misconduct and/or gross negligence in that either Defendant had actual knowledge of the wrongfulness of its conduct and that the high probability of damage to Plaintiff would result and, despite that knowledge, intentionally pursued a course of conduct resulting in Plaintiff's injuries and damages, or Defendant's conduct was so reckless and wanton in care that it constitutes a conscious disregard or indifference to the rights of Plaintiff.

65.     As a direct and proximate result of Defendant's discriminatory and retaliatory actions, Defendant suffered the loss of employment, loss of income, loss of fringe benefits, and

11

suffered and continues to suffer emotional distress, humiliation, and embarrassment.

66.    WHEREFORE, Plaintiff prays that Judgment be entered for:

(a) Damages in the form of any pay, wages, salary, employment benefits or other compensation denied or lost by the foregoing acts;

(b) Pre-judgment interest at the prevailing rate from the date of termination until the Judgment on the award of any pay, wages, salary, employment benefits or other compensation;

(c) Post-judgment interest;

(d) Compensatory damages to the maximum extent allowed under the law for emotional pain, suffering, and mental anguish;

(e) Punitive damages to the maximum extent allowable under the law;

(f) Declaring the acts and practices complained of herein are in violation Plaintiff's rights as secured by the FCRA as amended;

(g) Front pay or reinstatement in lieu of front pay;

(h) Reasonable attorney's fees and costs and expenses of this action; and,

(i) Such other relief as this Court deems just appropriate under the circumstances.

## COUNT VI – Florida Civil Rights Act
### (Failure to Provide Reasonable Accommodation)

67.    Plaintiff realleges and incorporates allegations 1 through 34.

68.    Plaintiff engaged in protected activity by requesting reasonable accommodation(s) including his requests for leave to treat and manage chronic gout.

69.    Plaintiff further engaged in protected activity by taking leave as a reasonable

12

accommodation for his disability.

70.    Depsite Plaintiff's request for a reasonable accommodation, Defendant failed and/or refused to provide such requested accommodation and, further, failed and/or refused to participated in the interactive process mandated by the FCRA of determining a reasonable accommodation for Plaintiff and instead terminated his employment.

71.    The Defendant, through its duly authorized agents and employee acting on behalf of Defendant within the scope of their employment, intentionally discriminated against Plaintiff based on his disability in failing to provide Plaintiff with reasonable accommodation on the basis that it failed to provide Plaintiff with intermittent leave and instead terminated his employment.

72.    Defendant's actions displayed intentional misconduct and/or gross negligence in that either Defendant had actual knowledge of the wrongfulness of its conduct and that the high probability of damage to Plaintiff would result and, despite that knowledge, intentionally pursued a course of conduct resulting in Plaintiff's injuries and damages, or Defendant's conduct was so reckless and wanton in care that it constitutes a conscious disregard or indifference to the rights of Plaintiff.

73.    As a direct and proximate result of the intentional discriminatory acts and practices of Defendant, Plaintiff suffered the loss of employment, loss of income, loss of fringe benefits, and suffered and continues to suffer emotional distress, humiliation, and embarrassment.

74.    WHEREFORE, Plaintiff prays that Judgment be entered for:

(a) Damages in the form of any pay, wages, salary, employment benefits or other compensation denied or lost by the foregoing acts;

13

(b) Pre-judgment interest at the prevailing rate from the date of termination until the Judgment on the award of any pay, wages, salary, employment benefits or other compensation;

(c) Post-judgment interest;

(d) Compensatory damages to the maximum extent allowed under the law for emotional pain, suffering, and mental anguish;

(e) Punitive damages to the maximum extent allowable under the law;

(f) Declaring the acts and practices complained of herein are in violation Plaintiff's rights as secured by the FCRA as amended;

(g) Front pay or reinstatement in lieu of front pay;

(h) Reasonable attorney's fees and costs and expenses of this action; and,

(i) Such other relief as this Court deems just appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues triable.

RESPECTFULLY SUBMITTED,

By: _____
Brian Calciano, Esquire
Fla. Bar No. 0108879
Themis Law Group, LLP
125 28th St. N.
St. Petersburg, FL 33713
Tel: (727) 202-4516
Fax: (727) 478-4580
Email: brian@flemploymentlaw.com
Attorney for Plaintiff Esdras J. Montalvo

14